**FILED**
**Sep 03, 2020**
**09:11 AM(ET)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT KNOXVILLE

| | |
|---|---|
| SHANE M. DAVIS, ) | Docket No. 2020-03-0054 |
| **Employee,** ) | |
| v. ) | State File No. 9633-2018 |
| HARVEST PARTY RENTALS, ) | |
| **Uninsured Employer.** ) | Judge Pamela B. Johnson |

---

## EXPEDITED HEARING ORDER DENYING BENEFITS
### *Decision on the Record*

---

Shane Davis fell at work, but Harvest Party Rentals did not provide workers' compensation benefits. Mr. Davis filed this claim seeking payment of his medical bills, additional treatment, and temporary total disability benefits. After a review of the record, the Court holds Mr. Davis is not entitled to the requested benefits at this time because he did not file medical records or other documentary evidence that satisfies his burden of proof.

### History of Claim

The Court gleaned the history from the Petition for Benefit Determination, the Expedited Request for Investigation Report, and the affidavits of Mr. Davis, Mr. Hancock, and the bookkeeper. Neither party filed medical records or bills, so much is unknown on this record.

What is known and undisputed is that on September 7, 2019, Mr. Davis lost his footing while exiting the back of an equipment truck. He landed on both knees and his right wrist, and he immediately felt pain in his wrist. John Hancock, the owner of Harvest Party Rentals, told him to go to the emergency room and agreed to pay his medical bills and wages until he returned to work. Mr. Davis received emergency care and ultimately required surgery to repair his broken wrist. His treating physician was Dr. William Oros.

The parties disputed Mr. Davis's ability to return to work. In his affidavit, Mr. Davis stated that he cannot lift or hold objects with his right hand, or perform his normal job

1

duties, and therefore, he has not returned to work. In contrast, Mr. Hancock wrote in his affidavit that he paid Mr. Davis wages after the injury although he had not returned to work. Mr. Hancock further stated that he offered Mr. Davis a job answering phones, which Mr. Davis refused. Mr. Hancock stated that Mr. Davis voluntarily quit his job, which the bookkeeper confirmed.

## Findings of Fact and Conclusions of Law

At an Expedited Hearing, Mr. Davis must prove that he is likely to prevail at a hearing on the merits that he is entitled to the requested medical and temporary disability benefits. *See McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

Turning first to medical benefits, the Workers' Compensation Law requires an employer to provide medical and surgical treatment made reasonably necessary by a work injury. Tenn. Code Ann. § 50-6-204(a)(1)(A) (2019). Further, a work injury must arise primarily out of and in the course and scope of employment, and it must be shown to a reasonable degree of medical certainty. *See* Tenn. Code Ann. § 50-6-102(14).

Here, despite the fact that the parties agree that Mr. Davis fell at work, injured his wrist, and received medical treatment, Mr. Davis did not introduce any medical records documenting his treatment or the resulting charges. Importantly, Mr. Davis did not introduce any opinion from a medical doctor that causally relates his need for treatment to the work incident and confirms that the medical treatment was reasonable and necessary. At this time, the Court holds Mr. Davis did not show that he is likely to prevail at a hearing on the merits that he is entitled to payment of his medical bills.

Turning to his request for ongoing treatment, the Workers' Compensation Law additionally requires that when the employee has suffered an injury and expressed a need for medical care, the employer shall provide a panel of three physicians from which the injured employee shall select one to be the treating physician. *Id.* at 50-6-204(a)(3). If an employer elects to deny a claim, it runs the risk that it will be responsible for medical benefits obtained from a provider of the employee's choice and/or that it may be subject to penalties for failure to provide a panel and/or benefits in a timely manner. *McCord,* at *10.

Applying these principles, Mr. Davis was justified in seeking treatment on his own when Harvest Party Rentals did not provide a panel of physicians. However, before the Court can order Harvest Party Rentals to provide ongoing treatment, Mr. Davis must prove that the need for continuing treatment is causally related to work.

Harvest Party Rentals did not meet its obligations under the Workers' Compensation Law. After learning of Mr. Davis's injury, it did not provide medical benefits or a panel. Therefore, the Court refers Harvest Party Rentals to the Compliance Program for

investigation and assessment of a penalty for its failure to provide a panel.

In addition to medical benefits, Mr. Davis seeks temporary disability benefits. An injured employee is eligible for temporary disability benefits if: (1) the injured employee became disabled from working due to a compensable injury; (2) a causal connection exists between the injury and the inability to work; and (3) the injured employee established the duration of the period of disability. *Jones v. Crencor*, 2015 TN Wrk. Comp. App. Bd. LEXIS 48, at *7 (Dec. 11, 2015).

As stated above, Mr. Davis did not introduce medical records showing he became disabled due to a work injury and the causal connection between the injury and his inability to work. Therefore, at this time, the Court holds Mr. Davis did not show that he is likely to prevail at a hearing on the merits that he is entitled to temporary disability benefits.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Davis's requested benefits are denied at this time.

2. Harvest Party Rentals is referred to the Compliance Program for investigation and assessment of a penalty for its failure to provide a panel of physicians.

3. This case is set for a Scheduling Hearing on **January 4, 2021**, at **2:00 p.m. Eastern Time**. The parties must call (toll-free) (855) 543-5041 to participate in the Scheduling Hearing. Failure to appear by telephone might result in a determination of the issues without the parties' participation.

**ENTERED September 3, 2020.**

*Pamela B. Johnson*
**JUDGE PAMELA B. JOHNSON**
**Court of Workers' Compensation Claims**

**APPENDIX**

The Court reviewed the entire case file in reaching its decision. Specifically, the Court reviewed the following documents, marked as exhibits for ease of reference:

**Exhibits:**
1. Petition for Benefit Determination
2. Expedited Request for Investigation

3

3. Employer's Objection to Dispute Certification Notice
4. Dispute Certification Notice
5. Show Cause Order
6. Expedited Request for Investigation Report
7. Amended Show Cause Order
8. Order Setting Deadline to File Request for Hearing
9. Request for Expedited Hearing
    a. Employee's List of Co-Workers
    b. Affidavit of Shane Davis
10. Docketing Notice for Decision on the Record
11. Employer's Response
    a. Affidavit of James Hancock
        i. Harvest Party Rental Pay Stub
    b. Affidavit of Kristy Lavella
        i. Text Message of Shane Davis

## CERTIFICATE OF SERVICE

I certify that a copy of this order was sent as shown on September 3, 2020.

| Name | U.S. Mail | Email | Service sent to: |
|---|---|---|---|
| Shane M. Davis, Self-Represented Employee | X | | 406 First Street Seymour, TN 37865 |
| Mary Elizabeth Maddox, Employer's Attorney | | X | mmaddox@fmsllp.com |
| Compliance Program | | X | WCCompliance.Program@tn.gov |

**PENNY SHRUM, Court Clerk**
**WC.CourtClerk@tn.gov**

4



## Expedited Hearing Order Right to Appeal:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____  ☐ Motion Order filed on _____

☐ Compensation Order filed on _____  ☐ Other Order filed on _____

issued by Judge _____.

### Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties

**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee
Appellee's Address: _____ Phone: _____
Email: _____
Attorney's Name: _____ BPR#: _____
Attorney's Email: _____ Phone: _____
Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 ____.

_____
*[Signature of appellant or attorney for appellant]*



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____

2. Address: _____

3. Telephone Number: _____

4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning _____ |
| SSI | $ _____ per month | beginning _____ |
| Retirement | $ _____ per month | beginning _____ |
| Disability | $ _____ per month | beginning _____ |
| Unemployment | $ _____ per month | beginning _____ |
| Worker's Comp. | $ _____ per month | beginning _____ |
| Other | $ _____ per month | beginning _____ |

LB-1108 (REV 11/15)                                                        RDA 11082

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental $ _____ per month

Groceries      $ _____ per month    Telephone     $ _____ per month

Electricity      $ _____ per month    School Supplies $ _____ per month

Water      $ _____ per month    Clothing     $ _____ per month

Gas      $ _____ per month    Child Care     $ _____ per month

Transportation $ _____ per month    Child Support    $ _____ per month

Car      $_____ per month

Other      $ _____ per month (describe: _____ )

10. Assets:

Automobile      $ _____      (FMV) _____

Checking/Savings Acct. $ _____

House      $ _____      (FMV) _____

Other      $ _____      Describe:_____

11. My debts are:

Amount Owed             To Whom

_____      _____

_____      _____

_____      _____

_____      _____

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____

APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____

NOTARY PUBLIC

My Commission Expires:_____

LB-1108 (REV 11/15)                RDA 11082